Estate of Daniel Gartling, Deceased, R. N. Weaver, Executor v. Commissioner.
Estate of Daniel Gartling v. Commissioner
Docket No. 8795.
United States Tax Court
1947 Tax Ct. Memo LEXIS 128; 6 T.C.M. (CCH) 879; T.C.M. (RIA) 47213; July 28, 1947
*128 Decedent, more than 10 years prior to the taxable year 1941, acquired a three-sixths interest in a California partnership. In 1941 he sold an undivided two-sixths interest at a net gain of $13,321. Held, a partner's interest in a partnership is a capital asset, the sale of which results in a capital gain or loss, taxable as provided in section 117, I.R.C.
D. Webster Egan, Esq., 403 W. 8th St., Los Angeles 14, Calif., for the *129 petitioner. A. J. Hurley, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: This controversy involves a deficiency in income tax for the year 1941 in the amount of $2,590.87. The only issue is whether the gain realized by decedent from the sale of two-sixths [two-thirds?] of an undivided three-sixths interest in a partnership is a capital gain or an ordinary gain for Federal income tax purposes. All the facts have been stipulated and are adopted as our findings of fact. They may be summarized as follows: [The Facts] Petitioner is the duly appointed executor of the estate of Daniel Gartling, deceased. The decedent, a resident of the City of Los Angeles, filed his income tax return for the taxable period with the collector of internal revenue for the sixth district of California, at Los Angeles, California. On January 2, 1941, and for many years prior thereto, the decedent was the owner of an undivided three-sixths interest in the copartnership of California Well Tool and Machine Works organized under the laws of the State of California. On January 2, 1941, the decedent sold two-thirds of his three-sixths interest in such partnership for the *130 sum of $24,000. The decedent's cost basis of the interest sold was $10,679, resulting in a net profit of $13,321. Petitioner contends that the sale of the fractional part of decedent's partnership interest constituted the sale of a "capital asset", and since decedent held the same for more than 10 years, only 50 per centum of such gain is to be taken into account under section 117 of the Internal Revenue Code. The respondent contends that for Federal income tax purposes a partnership is not a juristic entity, but is an association of individuals, each of whom is vested with an interest in each specific asset of the partnership. He argues that petitioner has failed to establish the nature and character of the component assets of the partnership. [Opinion] We think the position taken by petitioner is the correct one. The respondent concedes the law of California is controlling, and that the Uniform Partnership Act has been adopted and is in force in that state. In the recent case of George Whitney, 8 T.C. 1019 (May 14, 1947), we passed upon the nature of a partnership interest. We there held that the partnership and not the individual partners *131 owned the partnership assets. We said: "* * * The interests of the several partners in the partnership were merely the respective shares of the profits and surplus, less its obligations. New York Partnership Law, sec 52. [1] Cf. Robert E. Ford, 6 T.C. 499;[4]Allan S. Lehman, 7 T.C. 1088; Blodgett v. Silberman, 277 U.S. 1; Case v. Beauregard, 99 U.S. 119. * * *" A partnership interest has repeatedly been held to be a capital asset. Commissioner v. Shapiro, 125 Fed. (2d) 532; Stilgenbaur v. United States, 115 Fed. (2d) 283; Dudley T. Humphrey, 32 B.T.A. 280; Allan S. Lehman, 7 T.C. 1088. The decedent having sold only an undivided portion of his partnership interest, the gain resulting therefrom is a capital gain. The holding period was in excess of 10 years. Under section 117 of the Code, only 50 per centum of such gain is taxable. The stipulated net gain realized by the decedent, by reason of respondent's adjustment *132 to decedent's cost basis, is in excess of that reported on his income tax return for the taxable year involved; therefore Decision will be entered under Rule 50. Footnotes
1. Sec. 26, Uniform Partnership Act, in effect in California, is the same as Sec. 52, N. Y. Partnership Law↩. 4. Respondent acquiesces, C.B. 1946-2, p. 2.↩